[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 101
The plaintiff, Maureen Douse, brings this action against the defendant, St. Vincent's Medical Center, to recover for injuries sustained while in the course of her employment with the defendant. The plaintiff alleges that while she was employed by the defendant as a secretary she was exposed to CT Page 13546 patients, doctors and other employees of the defendant who were infected with tuberculosis. The plaintiff alleges that as a result of this exposure she tested positive for tuberculosis on December 7, 1994. The plaintiff further alleges that she contracted the disease as a result of the defendant's negligent acts and omissions.
In the first count of her complaint the plaintiff asserts a negligence claim against the defendant. In the second count the plaintiff asserts a claim for intentional infliction of emotional distress. In the third count the plaintiff asserts a cause of action for negligent infliction of emotional distress.
On September 11, 1995 the defendant filed a motion to strike all three counts of the plaintiff's complaint on the ground that each count is barred by the exclusivity provision of the Workers' Compensation Act (WCA), General Statutes § 31-284(a).
The purpose of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). In ruling on a motion to strike the court must "construe the facts alleged in the complaint in the light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994).
"We consistently have interpreted the exclusivity provision of the [Workers' Compensation Act], General Statutes § 31-284(a), as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 106, 639 A.2d 507 (1994). General Statutes § 31-284(a) provides in pertinent part that:
 An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained. . . . All rights and claims between employer and employees . . . arising out of CT Page 13547 personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter. . . .
Public Act 93-228, section 1, which amends § 31-275(1), provides in pertinent part that "`arising out of and in the course of his employment' means an accidental injury happening to an employee . . . originating while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while engaged elsewhere upon the employer's business or affairs. . . ."
In the present case the plaintiff specifically alleges that "[d]uring the course of her employment at the defendant medical center, [she] was exposed to . . . patients infected with tuberculosis." (Complaint, ¶ 3.) In paragraphs five, six, seven and fifteen of the complaint the plaintiff also alleges that her injuries were work-related and occurred during the course of her employment. These paragraphs are incorporated into all three counts of the complaint. Therefore, the plaintiff's negligence (first count) and negligent infliction of emotional distress (third count) claims are clearly barred by the exclusivity provision of the WCA because based on the allegations in the complaint the plaintiff's injuries arose out of and in the course of, her employment with the defendant.
With respect to the second count in which the plaintiff asserts a claim for intentional infliction of emotional distress, a narrow exception to the exclusivity provision of the WCA exists where it is alleged that the employer committed an intentional tort or where the employer has engaged in wilful or serious misconduct. Suarez v. Dickmont Plastics Corp., supra,229 Conn. 106. In such a case it must be alleged that the defendant employer directed or authorized the tortious conduct, or that the tort-feasor "was of such a status in the defendant's organization as to be characterized as the alter ego of the corporation." Jett v. Dunlap, 179 Conn. 215, 219-20,425 A.2d 1263 (1979). "To bypass the exclusivity of the act, the intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." Mingachos v. CBS,Inc., 196 Conn. 91, 102, 491 A.2d 368 (1985).
In the present case the plaintiff incorporates the negligence allegations pleaded in the first count into the second count. Thus, the plaintiff bases her intentional tort CT Page 13548 claim solely upon allegations of the defendant's negligent acts and omissions. Then, at paragraph sixteen of the second count, the plaintiff adds the conclusory allegation that "[t]he defendant in committing the above-mentioned acts, intentionally and without justification inflicted severe emotional distress on the plaintiff."
In terms of intentional tort . . . the use of the word `intent' in allegations `is not a talisman that can change the allegations into colorable claims of true intentional torts.'" (Citation omitted.) Id., 101. Thus, the plaintiff's inclusion of paragraph sixteen in the second count, in which she appends the word "intentionally" to her negligence allegations, does not transform her negligence allegations into an intentional tort claim which falls into the exception to the exclusivity provision of the WCA. Therefore, as with the first and third counts, the plaintiff's second count is also barred by the exclusivity provision of the WCA. Accordingly, the court grants the defendant's motion to strike the plaintiff's complaint in its entirety.
BALLEN, JUDGE